**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KAREEM ABDUL BLOCKER,<br><br>             Plaintiff,<br><br>    v.<br><br>NORTHERN STATE PRISON, et al.,<br><br>            Defendants. | Civil Action No. 10-1631 (PGS)<br><br>O P I N I O N |

**APPEARANCES:**

Kareem Abdul Blocker, <u>Pro Se</u>
618476/162061C
Northern State Prison
168 Frontage Road
Newark, NJ 07114

**SHERIDAN, District Judge**

    Plaintiff, Kareem Abdul Blocker, currently confined at the Northern State Prison, Newark, New Jersey, seeks to bring this action alleging violations of his constitutional rights <u>in forma pauperis</u>, without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence the Court will grant his application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

    At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's claims will be dismissed, without prejudice.

## BACKGROUND

Plaintiff complains that his constitutional rights are being violated at the Northern State Prison because he is not able to telephone his family once a week. He states that he has attempted to grieve the issue with the prison administrator and officers at the prison but that nobody is willing to help the prisoners. Although somewhat unclear, the relief he seeks is to be able to contact his family and for an investigation into the prison.

## DISCUSSION

### A.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A. This action is subject to <u>sua sponte</u> screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). <u>See also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed. R. Civ. P.</u> 8(a)(2). Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the

proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

### B. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C. **PETITIONER'S CLAIMS**

A right to intimate association with family members has been held to derive from both the First Amendment right of association and the substantive protections of the Fourteenth Amendment's Due Process Clause. See, e.g., Roberts v. United States Jaycees, 468 U.S. 609, 617-20 (1984); Santosky v. Kramer, 455 U.S. 745, 753 (1982); Quilloin v. Walcott, 434 U.S. 246, 255 (1978); Moore v. City of East Cleveland, 431 U.S. 494 (1977). Many courts have recognized a liberty interest in familial relationships other than the parent-child relationship. See Trujillo v. Board of County Commissioners of the County of Santa Fe, 768 F.2d 1186, 1188-89 (10th Cir. 1985)(and cases cited therein).

"In the First Amendment context, ... a prison inmate retains those First Amendment rights [of freedom of speech and association] that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974) (evaluating constitutionality of limiting one channel of communication with those outside of prison through review of

adequacy of alternative channels of communication). See also Thornburgh v. Abbott, 490 U.S. 401 (1989) (evaluating regulations governing receipt of subscription publications by federal prison inmates). Thus, to the extent not inconsistent with their status as prisoners or with legitimate penological objectives, inmates have a First Amendment right to communicate with "friends, relatives, attorneys, and public officials by means of visits, correspondence, and telephone calls." Owens-El v. Robinson, 442 F. Supp. 1368, 1386 (W.D. Pa.) (citation omitted), supplemented and finalized, 457 F. Supp. 984 (W.D. Pa. 1978), aff'd in part and vacated in part on other grounds sub nom., Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979).

Nevertheless, "[t]he very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. And, as our cases have established, freedom of association is among the rights least compatible with incarceration. Some curtailment of that freedom must be expected in the prison context." Overton v. Bazzetta, 539 U.S. 126, 131 (2003).

In this case, however, Plaintiff has not asserted sufficient facts to pass sua sponte screening. Plaintiff does not state whether or not he is denied phone privileges because of a disciplinary charge, or some other reason. Nor does he present

facts alleging that there is no phone available anywhere in the prison for any inmates. As explained by the Court of Appeals for the Third Circuit, "the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage[]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 230-34 (internal citations omitted). In this case, Plaintiff has not presented enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim.

Therefore, this Court will dismiss this complaint, without prejudice, to Plaintiff moving to amend his complaint, in accordance with the attached Order.[1]

### CONCLUSION

For the reasons set forth above, the complaint must be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. Plaintiff may file a motion to reopen the case in order to

---

[1] However, this Court notes that defendant Northern State Prison must be dismissed from this action with prejudice. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983).

address the deficiencies of his claims, as outlined in this opinion. In particular, Plaintiff must provide additional facts as to the situation with the telephone restriction.

An appropriate order accompanies this opinion.

_____
PETER G. SHERIDAN
United States District Judge

Dated: 10-9-10